IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 14-cv-02864-RPM

TROY BROWNLOW,

    Applicant,

v.

RICK RAEMISCH, Exec Director, Colorado Dept of Corrections,
BARRY GOODRICH, Warden, Bent County Correctional Facility, and
JOHN W. SUTHERS, Attorney General, State of Colorado,

    Respondents.

_____

MEMORANDUM OPINION AND ORDER
_____

    In his Application for Habeas Corpus pursuant to 28 U.S.C. § 2254, Troy Brownlow asks that his conviction for first degree murder after deliberation in Adams County District Court by jury verdict on June 13, 2006 be vacated because his rights to confront witnesses against him and to have effective assistance of defense counsel guaranteed by the Sixth Amendment were violated by evidentiary rulings made by the trial court.

    The fifteen year old victim was killed in her home by multiple stabbings on September 4, 1980. The crime scene was investigated by three police officers. Evidence technician Joseph Smith was responsible for the collection of evidence. He died in 1993. The Colorado Bureau of Investigation did DNA testing of some blood samples in 2004.

    Brownlow was arrested on April 13, 2005, based on a comparison to a national DNA database with the DNA profile developed from the crime scene blood samples.

Brownlow was sixteen years old at the time of the murder and went to school with the victim.

The pre-trial and trial proceedings have been summarized in the majority and dissenting opinions of the Colorado Court of Appeals of January 22, 2009.  Ex. A.

The confrontation clause issue concerns Exhibit 29, a list prepared by Smith describing the collection of blood samples.  The CCA ruled that it was testimonial hearsay, excludable under *Crawford v. Washington,* 541 U.S. 36 (2004).  The exhibit was not received in evidence at the trial.  Exhibit 31 was received during the testimony of Detective Wilbourn, the supervisor of the investigation at the crime scene.  Exhibit 31 is very similar to Exhibit 29.

Defendant's counsel did not object to admission of Exhibit 31.  The majority in the CCA did not address the testimonial hearsay issue for Exhibit 31 because it was received without objection.  Additionally, the detective read from Exhibit 29 during cross-examination.  The majority ruled that this was invited error.  The dissenting judge disagreed with this analysis and would have reversed.

Another exhibit received in evidence as Exhibit 48 was a five page sketch of the premises prepared by Smith. The CCA ruled that it was not testimonial hearsay, comparing it to a photograph and the detective's testimony that it was accurate made it admissible.

This Court has limited authority to review these rulings under the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2254(d).  Although the dissenting judge's view may be persuasive, this Court must defer to the majority of the CCA because the legal and factual analysis is not contrary to clearly established

Federal law as determined by the Supreme Court and it is not a decision based on an unreasonable determination of the facts in the record.

The Applicant asserted ineffective assistance of trial counsel in a Crim.P.35(c) motion for failure to preserve the confrontation clause objections to Exhibits 14 and 31 and other grounds. The trial court denied the motion without an evidentiary hearing. The CCA affirmed addressing only the issue of prejudice under Colorado Supreme Court opinions following *Strickland v. Washington,* 466 U.S. 668 (1984). The essence of the ruling is that the blood samples were admitted with an adequate foundation independently of these exhibits and the defendant had placed himself at the crime scene in an interview with a newspaper reporter as well as a fingerprint. This Court must defer to that interpretation of the evidentiary record.

Upon the foregoing, it is

ORDERED, that the Application for Writ of Habeas Corpus is denied and judgment will enter for the Respondents, dismissing this civil action with costs. It is

FURTHER ORDERED, that no certificate of appealability will be issued.

DATED:   March 11th, 2015

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge